FILED

2013 Mar-19  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **BELINDA G. SANTIAGO, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| **v.** } | **Case No.:  1:12-CV-2793-VEH** |
| } | |
| **EVERBANK,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

The plaintiffs in this lawsuit, Belinda G. and Hector R. Santiago (the "Santiagos"), are proceeding *pro se*.  The dispute arises out of Defendant EverBank's threatened foreclosure upon the Santiagos' mortgaged home.  (Doc. 1 at 2 ¶ 4).  The action was reassigned to the undersigned on February 13, 2013.  (Doc. 14).

Pending before the court is EverBank's Motion for Judgment on the Pleadings (Doc. 10) (the "Motion") filed on January 23, 2013.  The Santiagos opposed the Motion (Doc. 12) on January 30, 2013, and EverBank replied (Doc. 13) on February 8, 2013.

On February 14, 2013, the court converted the Motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure "[b]ecause the plaintiffs are representing themselves and because the Motion attaches evidence

which arguably falls outside the four corners of Plaintiffs' complaint[.]" (Doc. 17 at 1).  Within this same order, the court also gave the Santiagos special notice of the summary judgment rules  (Doc. 17 at 2-3, 4) and permitted them to file an additional opposition to the Motion on or before March 18, 2013.  (*Id.* at 1).

On March 5, 2013, the Santiagos elected to file another brief.  (Doc. 19). Accordingly, the Motion is now under submission, and for the reasons explained below is due to be granted.

## II.   STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R . Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

2

### III.   ANALYSIS

In their complaint, the Santiagos maintain that EverBank has failed to provide them with a "proof of claim" related to its efforts to foreclose upon their mortgaged home. (Doc. 1 at 2 ¶ 4). The Santiagos further indicate that the court's jurisdiction is premised upon 15 U.S.C. § 1692 and 18 U.S.C. §§ 241, 242. (*Id.* ¶ 3). The court addresses the viability of each potential theory separately below.

### A.   Fair Debt Collection Practices Act

15 U.S.C. § 1692 is part of the Fair Debt Collection Practices Act (the "FDCPA"). The purposes of the FDCPA are:

> [T]o eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).

In its Motion, EverBank asserts that the Santiagos cannot maintain a claim against it because, as a mortgage servicer, EverBank "does not typically fall within" the term "debt collector" as defined under the FDCPA and therefore is not an appropriately named defendant. (Doc. 10 at 5 ¶ 14). Alternatively, EverBank contends that the Santiagos ' allegations do not constitute a cognizable claim under the FDCPA. (*Id.* ¶¶ 15-17).

3

The FDCPA  statutorily defines "debt collector" as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing

such amounts to creditors; and

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(A)-(F).

As summarized in *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369 (M.D. Ga. 2011):

> It is well-established that mortgage servicers do not fall within the definition of debt collector. *See Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA."); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. Mar. 23, 2011) (concluding that plaintiff's claims under the FDCPA should be dismissed because "neither Defendants are 'debt collectors' as contemplated by the statute which explicitly excludes mortgage servicing companies"); *Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09–cv–676–RWS, 1:09–cv–962–RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (noting that "[i]t is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers.").

*Jenkins*, 822 F. Supp. 2d at 1374 (emphasis added).

EverBank has not cited to any controlling precedent regarding to what extent a mortgage servicer may be liable as a debt collector under the FDCPA. Moreover,

the court's own independent research has failed to uncover any binding authority substantiating EverBank's position.[1]

As explicated by several non-binding authorities, the reasoning behind the so-called mortgage servicer exception stems from the statutory interpretation doctrine of *expressio unius est exclusio alterius*.  More specifically, as an unpublished panel of the Eleventh Circuit explained in a lawsuit brought against a mortgage servicer:

> A "debt collector" is a term of art in the FDCPA. It is expressly defined to mean:
>
>> any person who uses any instrumentality of interstate

---

[1]  In *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), the Eleventh Circuit clarified the scope of its holding relating to the potential liability of a law firm under § 1692e of the FDCPA:

> Because we hold that the Ellis law firm's demand for payment on the promissory note was debt-collection activity within the meaning of the FDCPA, <u>we do not reach the question of whether enforcing a security interest is itself debt-collection activity covered by the statute</u>. That is, we do not decide whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt within the meaning of § 1692e.

*Reese*, 678 F.3d at 1218 n.3 (emphasis added).

Similarly, in the unpublished panel decision of *Birster v. American Home Mortg., Servicing, Inc.*, 481 Fed. App'x 579, 583 n.2 (11th Cir. 2012), the Eleventh Circuit briefly mentioned the loan servicer/debt collector distinction, but did not comment on the merits of such an argument.  *See id.*  ("The district court has not addressed this issue in the first instance, and will have an opportunity to do so on remand.").

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Significantly, <u>the statute also provides that "[f]or the purpose of section 1692f(6)" a debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."</u>  *Id.* Under the doctrine of *expressio unius est exclusio alterius*, "the expression of one thing implies the exclusion of others." *Alltel Commc'ns, Inc. v. City of Macon*, 345 F.3d 1219, 1222 (11th Cir. 2003). <u>Thus, an enforcer of a security interest only qualifies as a "debt collector" for the purpose of § 1692f(6).</u> *See Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003) (explaining that "an enforcer of a security interest ... falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)" (quotation marks omitted)).

<u>Ausar–El's complaint alleges that BAC violated § 1692g in connection with its enforcement of a security interest it held in his property.</u> For the reasons explained above, BAC was not acting as a "debt collector" as that term is used in § 1692g. *See id.*  Accordingly, the district court did not err in dismissing Ausar–El's FDCPA claim for failure to state claim.

*Ausar-El ex rel. Small, Jr. v. BAC Home Loans Servicing LP*, 448 Fed. App'x 1, 2-3 (11th Cir. 2011) (emphasis added); *see also Warren v. Countrywide Home Loans, Inc.*, 342 Fed. App'x 458, 460 (11th Cir. 2009) (unpublished decision) (" Indeed, the statute specifically says that a person in the business of enforcing security interests is a 'debt collector' for the purposes of § 1692f(6), which reasonably suggests that

such a person is not a debt collector for purposes of the other sections of the Act.").

Here, the Santiagos have not indicated in their complaint which particular provision(s) of the FDCPA EverBank has allegedly violated.  However, the nature of their claim is comparable to the conduct complained about in *Warren*.  *Cf. Warren*, 342 Fed. App'x at 460 ("We also reject Warren's apparent argument-construed loosely from his brief-that the district court erred by dismissing his claim that Countrywide violated the FDCPA <u>by failing to respond to his request for verification of his debt before it proceeded with a foreclosure sale of his home</u>.") (emphasis added).  Therefore, *Warren*, if persuasively applied by the court, would lend support to EverBank's position that the Santiagos' FDCPA claim will not lie against it as a mortgage servicer.

However, EverBank's own Motion concedes that its status as excepted from debt collector status under the FDCPA is not absolute.  (*See* Doc. 10 at 5 ¶ 14 ("As an initial matter, a mortgage servicer such as EverBank <u>does not typically fall</u> within the definition of 'debt collector' under [the] FDCPA") (emphasis added)).  Also, the holding in *Warren* has subsequently been called into question.  *Cf. Birster*, 481 Fed. Appx. at 582 ("Based on the reasoning of *Reese*, it is apparent an entity that regularly attempts to collect debts can be a 'debt collector' beyond § 1692f(6) of the FDCPA, <u>even when that entity is also enforcing a security interest</u>.") (emphasis added); *id.* at

583 ("Although *Reese* dealt with the applicability of § 1692e, the practical effect of the case is to overrule the reasoning [in *Warren*] relied on by the district court, since *Reese* allowed the enforcer of a security interest to be held liable under the FDCPA beyond § 1692f(6)."); *id.* ("*Reese* provides that an entity can both enforce a security interest and collect a debt, and constitutes binding precedent on this point.").

Therefore, given the absence of applicable binding precedent supporting EverBank's position, the Eleventh Circuit published and unpublished authorities that cast doubt upon it, and EverBank's own acknowledgment that, at times, it may be subject to the FDCPA, the court assumes without deciding that the Santiagos' efforts to assert an FDCPA claim against EverBank are not futile simply because EverBank is a mortgage servicer.

Nevertheless, the Santiagos' FDCPA claim fails for another reason.   More specifically, the crux of the Santiagos ' lawsuit is over EverBank's alleged failure to provide them with a "proof of claim" or "any remedy for which relief can be granted." (Doc. 1 at 2 ¶ 4). Further, in terms of relief, the Santiagos want this court to: "Provide 'Proof of Claim' or Remedy for which Relief can be granted." (Doc. 1 at 3 ¶ 5).

However, in complaining about EverBank's conduct and seeking such relief from the court, the Santiagos have not referenced any particular provision of the

9

FDCPA that they assert EverBank has violated.  Instead, the Santiagos have only specifically identified § 1692, which sets out the congressional findings and declaration of legislative purpose of the FDCPA.  Further, this introductory section of the FDCPA has no actionable subparts.

Additionally, "proof of claim" is not defined under the FDCPA, and the court has been unable to locate a provision of the FDCPA which permits a plaintiff to sue because a defendant generates no (or, alternatively, an inadequate) "proof of claim" before proceeding with foreclosure.  Likewise, the court cannot find authority under the FDCPA for the court to either (i) order a defendant to provide a plaintiff with a proof of claim or (ii) fashion a remedy for a plaintiff as an alternative to the specific relief which Congress has deemed to be appropriate under the FDCPA.

Furthermore, to the extent that the Santiagos maintain that EverBank violated § 1692g(b) of the FDCPA relating to the verification of a disputed debt, it is factually uncontested that, on July 10, 2012, EverBank provided the Santiagos with a collection of pertinent information related to their residential loan, including an explanatory cover letter, a payoff statement, the note, and the mortgage, after receiving two pieces of correspondence from Mr. Santiago.  (Doc. 10-1 at 2 ¶¶ 7-9); (*see also* Doc. 10-2 at 2-29 (attaching correspondence from EverBank to Mr. Santiago dated July 13, 2012, payoff statement quoted July 11, 2012, adjustable rate

note dated February 21, 2004, and mortgage dated February 21, 2004)).[2] Additionally, § 1692g(b) does not require a debt collector to format such debt documentation in any particular manner before sending it to the consumer.

Therefore, EverBank's Motion is due to be granted with respect to the Santiagos' FDCPA claim, due to the ambiguous and inactionable nature of what the Santiagos have asserted in their pleading. Alternatively, any FDCPA claim purportedly premised upon § 1692g(b) fails because the record undisputedly establishes that EverBank provided the Santiagos with documentation substantiating their consumer debt.

### B.    Federal Criminal Statutes

18 U.S.C. § 241 and § 242 are both federal criminal statutes. More specifically, § 241 criminalizes conduct that constitutes a conspiracy against rights and states:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or

---

[2]  The page references to Doc. 10-2 correspond with the court's CM/ECF numbering system.

enjoyment of any right or privilege so secured--

<u>They shall be fined under this title or imprisoned not more than ten years, or both</u>; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241 (emphasis added).

Section 242 criminalizes conduct which constitutes a deprivation of rights

under color of law and provides:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, <u>shall be fined under this title or imprisoned not more than one year, or both</u>; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242 (emphasis added).

As neither one of these <u>criminal</u> statutes supports a claim for <u>civil</u> liability (of

any kind), the Motion is due to be granted on the Santiagos' "proof of claim" theory that is alternatively tied to these two inapplicable laws.

## IV.    CONCLUSION

Therefore, EverBank's Motion is due to be granted, and the Santiagos' case is due to be dismissed with prejudice.  The court will enter a separate order.

**DONE** and **ORDERED** this the 19th day of March, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13